UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Kevin Hall

   v.                                              Civil No. 08-cv-486-JD

Christina O'Brien

**REPORT AND RECOMMENDATION**

     Before the Court is Kevin Hall's damages action (document no. 1), alleging that defendant violated his rights by acting to deprive Hall of his interest in his late mother's estate. As Hall is a prisoner, the matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A).

Standard of Review

     Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.

See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

On March 4, 2007, Hall's mother, Aldona Ross, died suddenly while Hall was incarcerated.  Hall's sister, Christina O'Brien, hid the death from Hall until after she presented herself to the Cheshire County Probate Court as an individual with an interest in Aldona Ross' estate, along with Douglas Ross, who is Hall and

O'Brien's stepfather. Hall now claims that O'Brien acted in concert with Douglas Ross to illegally and fraudulently deprive Hall of an interest in his mother's estate to which he is entitled.

## Discussion

The United States Constitution "erects no shield against merely private conduct, however discriminatory or wrongful." Blum v. Yarketsky, 457 U.S. 991, 1002 (1981). A plaintiff claiming infringement of a constitutional right by an individual defendant must establish that (i) the defendant deprived plaintiff of a right secured by the Constitution or laws of the United States, and (ii) the defendant acted under "color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia." 42 U.S.C. § 1983. In relation to the second requirement, a private actor can be held to be a state actor under only three circumstances: "(i) where there is a sufficiently close nexus between the state and the challenged action of the private party so that the action of the party may be fairly treated as that of the state itself, (ii) where the private party has exercised powers that are 'traditionally the exclusive prerogative of the state,' or (iii)

where the state has exercised coercive power or has provided such significant encouragement, either overt or covert that the action of the private party must in law be deemed to be that of the state." Lewis v. Law-Yone, 813 F. Supp. 1247, 1254 (N.D. Tex. 1993) (quoting Blum, 457 U.S. at 1004); see also Jackson v. Metro. Edison Co., 419 U.S. 345, 357 (1974).

Hall alleges a deprivation of property without an adequate opportunity to be heard. To the extent he attempts to raise a civil rights claim, such a claim would arise under the Fourteenth Amendment to the United States Constitution. Hall has not stated any facts to allow me to infer that O'Brien was, at any time she is alleged to have violated Hall's constitutional rights, acting under color of state law or could otherwise be considered to be a state actor. Accordingly, the federal constitution does not protect Hall from her actions. Hall has not asserted any other basis upon which O'Brien might be liable to him in a federal lawsuit. I recommend therefore that this action be dismissed for failure to state a claim upon which relief might be granted.

## Conclusion

For the foregoing reasons, I recommend that this action be dismissed in its entirety, as Hall has failed to state any claim

upon which relief might be granted.  See LR 4.3(d)(2)(A).  Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                        /s/ James R. Muirhead
                                        James R. Muirhead
                                        United States Magistrate Judge

Date:     April 24, 2009

cc:       Kevin Hall, pro se